# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND 2018 APR 13 PM 4: 50

| | | |
|---|---|---|
| KLICOS PAINTING COMPANY, INC. | * | |
| | * | |
| v. | * | Civil No. RDB-15-2505 |
| | * | |
| SAFFO CONTRACTORS, INC. | * | |
| | * | |

\*\*\*\*\*\*\*\*

## MEMORANDUM

On September 6, 2017, this Court granted in part and denied in part plaintiff/counter-defendant Klicos Painting Company, Inc.'s ("Klicos") motion for partial summary judgment and defendant/counter-plaintiff Saffo Contractors, Inc.'s ("Saffo") motion for summary judgment. (ECF Nos. 105, 106.) Plaintiff/counter-defendant Klicos has now filed a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). (ECF No. 110.) Alternatively, Klicos has filed a motion for leave to file a supplemental motion for partial summary judgment. (ECF No. 112.)

For the reasons set forth below, plaintiff/counter-defendant Klicos' Motion to Alter or Amend Partial Summary Judgment (ECF No. 110) is GRANTED, and its Motion for Leave to File a Supplemental Motion for Partial Summary Judgment (ECF No. 112) is DENIED AS MOOT. The following claims remain be resolved at a bench trial: (1) Klicos' claim against Saffo for unjust enrichment, (2) Saffo's counter-claim for unjust enrichment, (3) Saffo's counterclaim for intentional misrepresentation,[1] and if initially pursued by Saffo,

---

[1] This Court's decision on Klicos' motion for partial summary judgment allows Saffo to proceed to trial with its claim for intentional misrepresentation as to Klicos' alleged promise to return to the jobsite in exchange for $200,000, but granted Klicos' motion for partial summary judgment as to Klicos' previous promise to provide services on the project

(4) both parties' breach of contract claims based upon a contract formed after November 21, 2013.

## BACKGROUND

This dispute involves alleged breaches of oral contracts and other claims arising out of work performed by defendant/counter-plaintiff Saffo and plaintiff/counter-defendant Klicos on a project to repair and paint highway bridges ("the Project"). On July 29, 2013, the Maryland Transportation Authority awarded Saffo a contract to perform repairs and paint various highway bridges on I-95 and I-395. At some point, Saffo and Klicos agreed to perform the work together, but the parties disagree as to when they reached that agreement, the type[2] of contract they formed, and some terms of their agreement. According to Klicos, the parties entered into an oral joint venture agreement in November 2013 during a lunch meeting at Nick's Seafood, a Baltimore restaurant (Klicos Tr. 156-61, Saffo Ex. 3, ECF No. 76-3). According to Saffo, the parties entered into an oral subcontract agreement in March 2014. (Ost Tr. 110-120, Saffo Ex. 18, ECF No. 76-3.)

Klicos performed work on the Project from approximately March through November 2014. (ECF No. 76-3 at 98, 147.) Klicos stopped work in December 2014, citing weather conditions, but some Klicos employees returned to the jobsite in February or March 2015. (*Id.* at 98-100; Kominos Hatzileris Tr. 78-80, Saffo Ex. 12, ECF No. 76-12; Antonios Hatzileris Tr. 81:4-21, Klicos Opp'n Ex. 10, ECF No. 86-10.) Klicos claims the employees

---

through completion. (ECF Nos. 105, 106). Saffo's claim against Klicos for punitive damages also remains in connection with Saffo's claim for intentional misrepresentation. (ECF Nos. 105, 106).

[2] Klicos' Amended Complaint calls the agreement an "oral joint venture agreement" (ECF No. 35 at 2) while Saffo's briefs insist the agreement was an oral "subcontract agreement" (*e.g.*, ECF No. 76 at 3). Whatever name the parties ascribe to the alleged oral contract, whose name was by definition never written down, it is the terms of the agreement that drive this Court's analysis of whether any contract existed.

returned to prepare the equipment to resume work. (ECF No. 76-12 at 78-80; ECF No. 86-10 at 81:4-21.) In February 2015, Klicos submitted an invoice to Saffo for $200,000. (Tia Saffo Tr. 187-88, Klicos Ex. 9, ECF No. 98-9.) According to Saffo, Klicos promised to return workers immediately to complete the job if the invoice was paid. (*Id.*) Saffo paid the invoice. (*Id.*) In March 2015, Klicos sent another invoice to Saffo for $345,000, which Saffo declined to pay. (ECF No. 76-3 at 305-07; Klicos Tr. 560-64, Klicos Opp'n Ex. 1, ECF No. 86-1; Tia Saffo Tr. 230-31, Saffo Reply Ex. 19, ECF No. 95-19.) Klicos then withdrew from the Project. (ECF No. 76-3 at 305-07.)

In 2015, the parties filed cross-claims against each other for breach of oral contracts and other claims relating to the work on the Project. In its Amended Complaint, Klicos alleged three claims against Saffo: breach of contract (Count I), unjust enrichment (Count II), and quantum meruit (Count III). (ECF No. 35.) In its amended counter-claim, Saffo alleged seven claims against Klicos: unjust enrichment (Count I), conversion (Count II), replevin (Count III), detinue (Count IV), fraud – intentional misrepresentation (Count V), negligent misrepresentation (Count VI), and, in the alternative, breach of contract (Count VII). (ECF No. 31-1.) Both parties have requested a bench trial. (ECF Nos. 1, 111.)

On April 21, 2017, Saffo moved for summary judgment. (ECF No. 76.) Klicos moved for partial summary judgment on June 30, 2017. (ECF No. 98.) On September 6, 2017, this Court granted in part and denied in part Saffo's motion for summary judgment and granted in part and denied in part Klicos' motion for partial summary judgment. (ECF Nos. 105, 106.)

3

In October 2017, Klicos filed two additional motions currently pending before this Court: (i) a motion to alter or amend partial summary judgment (ECF No. 110) and (ii) a motion for leave to file a supplemental motion for partial summary judgment (ECF No. 112). This case was reassigned from Judge Motz to the undersigned on February 23, 2018.

## STANDARD

In general, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Charles A. Wright et al., *Federal Practice and Procedure* § 2810.1 (3d ed. 1995)). Federal Rule of Civil Procedure 59(e) provides for a motion to alter or amend a judgment within 28 days of the judgment, but does not provide a standard for determining when such a motion should be granted. The Fourth Circuit has identified three grounds for amending a judgment: (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) to correct a clear error of law or to prevent manifest injustice. *Pac. Ins. Co.*, 148 F.3d at 403. The Fourth Circuit has also recognized that relief may be granted under Rule 59(e) to "correct manifest errors of . . . fact upon which the judgment is based." *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996) (citation omitted). Rule 59(e) motions, however, "may not be used...to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403 (citations omitted). A Rule 59(e) motion must be denied where it "merely urges the court to 'change its mind.'" *Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 470 (D. Md. 2002) (citation omitted).

4

Federal Rule of Civil Procedure 60(a) enables a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). The Fourth Circuit has held that under Rule 60(a), a court may also correct "an unintended ambiguity that obfuscates the court's original intent." *Sartin v. McNair Law Firm PA*, 756 F.3d 259, 266 (4th Cir. 2014) (citing cases).

A motion for leave to file an untimely summary judgment motion implicates three procedural rules. First, Federal Rule of Civil Procedure 6(b)(1) allows a court to extend time "on motion made after the time has expired if the party failed to act because of excusable neglect." Second, Federal Rule of Civil Procedure 16(b)(4) allows a court to modify a scheduling order "only for good cause." Such "good cause" is "established when the moving party shows that it cannot meet the deadlines in the scheduling order despite diligent efforts." *Everhart v. Wash. Metro. Area Transit Auth.*, No. DKC-11-2155, 2012 WL 6136732, at *2 (D. Md. Dec. 10, 2012) (citing *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375 (D. Md. 1999)). Diligence is the most important consideration in determining whether "good cause" exists; "lack of diligence and carelessness are the 'hallmarks of failure to meet the good cause standard.'" *Id.* (quoting *W. Va. Hous. Dev. Fund v. Ocwen Tech. Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W. Va. 2001)). Third, pursuant to Federal Rule of Civil Procedure 56(f), a court can also grant summary judgment independent of a motion, provided the court gives notice and a reasonable time to respond.

## I.    Motion to Alter or Amend Partial Summary Judgment

Plaintiff/counter-defendant Klicos has moved to alter or amend this Court's September 6, 2017 Order granting in part and denying in part defendant/counter-plaintiff Saffo's motion for summary judgment. Klicos' motion specifically focuses on this Court's decision to grant summary judgment in Saffo's favor on Klicos' breach of contract claim. Klicos claims alteration or amendment is warranted either (a) under Rule 59(e) to correct a clear error of law or to prevent manifest injustice or (b) under Rule 60(a) to correct an oversight or omission. (ECF No. 110-1 at 2, 3 n.2.) In substance, Klicos argues that its presentation of George Klicos' deposition testimony in opposition to Saffo's motion for summary judgment was sufficient to survive summary judgment. (*Id.* at 3.) Klicos also argues that allowing Saffo to proceed to trial to enforce the same alleged agreement is "inconsistent." (*Id.* at 9.) This Court finds that relief under 59(e) is not warranted, but this Court will clarify its prior Order pursuant to Rule 60(a). Accordingly, this Court GRANTS Klicos' motion (ECF No. 110).

In opposing Saffo's motion for summary judgment on Klicos' breach of contract allegation, Klicos emphasized that "Klicos and Saffo entered into a binding oral contract . . . at an in-person meeting on November 21, 2013, at Nick's Seafood Restaurant." (ECF No. 86 at 2.) In its Reply brief related to this motion to alter or amend, Klicos again asserts, "Klicos maintains that the parties reached agreement at Nick's Seafood in November." (ECF No. 120 at 3.) Notwithstanding Klicos' second bite at this apple, this Court correctly found Klicos and Saffo did not enter into an oral contract at their lunch meeting at Nick's Seafood

in November 2013. (ECF Nos. 105, 106.) Although Klicos argues this meeting resulted in an oral joint venture agreement, George Klicos' testimony about the conversation at Nick's Seafood compels the conclusion that the parties did not reach an enforceable oral contract on that day. In its current motion to alter or amend, Klicos claims the court "simply missed" and "failed to consider" testimony of George Klicos allegedly establishing sufficient terms of the oral contract reached at the lunch meeting. (ECF No. 110-1 at 1-2.) Contrary to this assertion, the court did consider the testimony of George Klicos about the Nick's Seafood meeting and found it, as a whole, to be insufficient to establish an enforceable oral contract between the parties.

From George Klicos' testimony about the Nick's Seafood meeting, the court correctly concluded the discussion at the meeting was too general in nature to constitute an enforceable oral contract. *See Dolan v. McQuaide*, 215 Md. App. 24, 34-5 (Md. Ct. Spec. App. 2013) (finding no enforceable agreement or contract where "the parties spoke only in general terms about...the business"). George Klicos testified the Nick's Seafood meeting was "the beginning of an ultimate brainstorming" and classified the conversation as "general discussions...pretty basic, basic conversations." (Klicos Tr. 158-159, Saffo Opp'n Ex. 1, ECF No. 115-1.) He admitted many specifics were not addressed until later meetings and conversations. (*See id.* at 188:2-5 ("As far as the specifics, well...I worked that out with Saffo.").) For example, he testified he and Nick Saffo did not discuss specific labor allocation, specific payment terms, or specific equipment provisions at the lunch meeting. (*Id.* at 175:19-22, 186-187, 192:14-16.) Thus, his testimony establishes no oral contract resulted from the Nick's Seafood meeting.

7

Klicos argues the conversation at Nick's Seafood was more detailed than this Court found it to be. (ECF No. 110-1.) Klicos points to deposition testimony of George Klicos explaining details of the agreement between Klicos and Saffo, attempting to show that the Nick's Seafood conversation went beyond "general discussions." The testimony referenced by Klicos, however, was not in response to questions about the Nick's Seafood lunch meeting. For example, Klicos argues George Klicos testified the parties reached an oral agreement as to who would provide labor on the Project. (ECF No. 110-1 at 4.) In fact, George Klicos testified the decision as to who would provide labor was made during "conversations with myself, Mike Ost, Nick Saffo." (ECF No. 115-1 at 179:5-6.) He did not testify those decisions were reached at the Nick's Seafood meeting.

This Court found "the general nature of the conversation at Nick's Seafood [did] not establish a precise offer or an agreement on the essential terms of an oral contract." (ECF No. 105, p. 7). As reviewed here, this finding is supported by George Klicos' testimony admitting the Nick's Seafood conversation amounted to "general discussions" and admitting specific details were not agreed to at that meeting. To the extent Klicos asks this Court to find otherwise based upon either George Klicos' deposition or affidavit, both of which this Court has already considered, the Rule 59(e) motion must be denied as it "merely urges the court to 'change its mind.'" *Medlock*, 336 F. Supp. 2d. at 470. To the extent Klicos seeks to have this Court consider the *alternative* argument that the alleged "joint venture agreement" became enforceable at some later date, the Rule 59(e) motion "may not . . . raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first

instance." *Pac. Ins. Co.*, 148 F.3d at 403. Based upon the Klicos' own strategic decisions at summary judgment, relief under Rule 59(e) is not warranted.

Rule 60(a), however, provides this Court with an opportunity to clarify the intended effect of its summary judgment ruling. Under Rule 60(a), this Court may correct "an unintended ambiguity that obfuscates the court's original intent." *Sartin v. McNair Law Firm PA*, 756 F.3d 259, 266 (4th Cir. 2014) (citing cases). The current motions and related briefs evince an unintended level of confusion regarding how this contractual dispute may proceed at trial.

The absence of a contract on November 21, 2013 does not preclude the formation of a contract at a later date. In fact, Saffo's own breach of contract claim depends on the existence of such a contract. At summary judgment, Klicos did not challenge the existence of the contract underlying Saffo's breach of contract claim. Klicos simply challenged the damages element of the claim, and this Court granted summary judgment in Klicos' favor regarding the recycling unit and actual delay damages. (ECF No. 105 at 10-12.) This Court has not passed upon the essential terms – and thereby existence – of Saffo's alleged contract.

This Court hereby clarifies under Rule 60(a) that the prior ruling by Judge Motz was limited to the non-existence of a contract on November 21, 2013. If Saffo seeks to enforce a contract at trial,[3] Klicos may similarly seek to prove and enforce any terms that are consistent with the alleged breaches in Count I of the Amended Complaint (ECF No. 35 at 7). Specifically, Klicos claims that Saffo breached the alleged agreement by:

---

[3] Saffo is not obligated at trial to bring a breach of contract claim, which it has only alleged "in the alternative." (Am. Answer and Counterclaims, ECF No. 31-1 at 16.)

9

failing to permit Klicos Painting to participate in the joint management of performance of the Bridge Painting Contract, failing to provide an accounting for the job, failing to make periodic disbursements of projected profit from the job, and failing to acknowledge its obligation to make periodic and a final distribution of profit or discuss division of equipment purchased or fabricated for the job.

(*Id.*) This Court's prior Memorandum Opinion and Order (ECF Nos. 105, 106) were never intended to preclude all such claims by Klicos. Consistent with this Court's prior Order, however, Klicos may not attempt to prove at trial that a final contract became enforceable on November 21, 2013. Furthermore, any and all contentions by Klicos in this vein must be spelled out in the proposed Pretrial Order with specificity – i.e., Klicos must identify the content of alleged contractual term, the date the term became part of the contract, and the facts supporting a breach. *See* Local Rule 106 (D. Md. 2016). This Court's clarification presents no prejudice to Saffo as it has been on notice of these alleged breaches since the Amended Complaint was filed on June 16, 2016. (ECF No. 35.) Accordingly, the motion (ECF No. 110) is GRANTED under Rule 60(a).

## II. Motion for Leave to File a Supplemental Motion for Partial Summary Judgment

Klicos requests leave to file a supplemental motion for partial summary judgment "only if the Court denies [its] Motion to Alter or Amend." (ECF No. 112-1 at 3 n.1.) As this Court has granted Klicos' Motion to Alter or Amend, Klicos' Motion for Leave to File Supplemental Motion for Partial Summary Judgment (ECF No. 112) is DENIED AS MOOT.

## CONCLUSION

For the aforementioned reasons, plaintiff/counter-defendant Klicos' Motion to Alter or Amend Partial Summary Judgment (ECF No. 110) is GRANTED; specifically, it is granted to clarify that the prior ruling by Judge Motz was limited to the non-existence of a contract on November 21, 2013. The Motion for Leave to File a Supplemental Motion for Partial Summary Judgment (ECF No. 112) is DENIED AS MOOT.

The following claims remain be resolved at a bench trial: (1) Klicos' claim against Saffo for unjust enrichment, (2) Saffo's counter-claim for unjust enrichment, (3) Saffo's counterclaim for intentional misrepresentation,[4] and if initially pursued by Saffo, (4) both parties' breach of contract claims based upon a contract formed after November 21, 2013.

A separate order follows.

_APRIL 13, 2018_
Date

_Rich D. Bennett_
Richard D. Bennett
United States District Judge

---

[4] This Court's decision on Klicos' motion for partial summary judgment allows Saffo to proceed to trial with its claim for intentional misrepresentation as to Klicos' alleged promise to return to the jobsite in exchange for $200,000, but granted Klicos' motion for partial summary judgment as to Klicos' previous promise to provide services on the project through completion. (ECF Nos. 105, 106). Saffo's claim against Klicos for punitive damages also remains in connection with Saffo's claim for intentional misrepresentation. (ECF Nos. 105, 106).