# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

KLICOS PAINTING COMPANY, INC.,     *
    *Plaintiff/Counter-Defendant*

                                                   *

v.                                                 Civil No. RDB-15-2505

                                                 *

SAFFO CONTRACTORS, INC.,
    *Defendant/Counter-Plaintiff.*     *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## **MEMORANDUM OPINION**

This dispute concerns the parties' compensation for their efforts to repair and paint various highway bridges in Maryland. A bench trial is scheduled to begin on June 18, 2018. (ECF No. 131.) The bench trial will address the parties' claims for unjust enrichment and the Defendant/Counter-Plaintiff's counter-claim for intentional misrepresentation. Now pending is the Defendant/Counter-Plaintiff's Motion *in Limine* to Exclude Plaintiff/Counter-Defendant's Expert Witnesses (ECF No. 132). This Court has reviewed the parties' submissions and conducted a hearing on May 24, 2018. For the reasons set forth below, the Motion *in Limine* (ECF No. 132) is DENIED WITHOUT PREJUDICE.

## BACKGROUND

I. **Factual Background**

On July 29, 2013, the Maryland Transportation Authority ("MTA") awarded the Defendant/Counter-Plaintiff, Saffo Contractors, Inc. ("Saffo"), a contract to repair and paint various highway bridges on I-95 and I-395. At some point, Saffo and the

Plaintiff/Counter-Defendant, Klicos Painting Company ("Klicos"), agreed to perform the work together, but the parties disagree as to the nature of that agreement.

Klicos performed work on the project from approximately March 2014 through November 2014. Klicos stopped work in December 2014, citing weather conditions, but some Klicos employees returned to the jobsite in February or March 2015. In February 2015, Klicos submitted an invoice to Saffo for $200,000. According to Saffo, Klicos promised to return workers immediately to complete the job if the invoice was paid. Saffo paid the invoice. In March 2015, Klicos sent another invoice to Saffo for $345,000, which Saffo declined to pay. Klicos then withdrew from the project.[1] Before Klicos abandoned the project, Saffo paid Klicos a total of $2,738,600.73.[2]

Klicos filed suit against Saffo on August 24, 2015 (ECF No. 1). Saffo answered with counter claims on September 28, 2015 (ECF No. 11). Klicos answered the counter-claims on October 14, 2015 (ECF No. 13), and filed an Amended Complaint on June 16, 2016 (ECF No. 35).

II. **Discovery & Experts**

After filing answers, the parties engaged in discovery. Under the Court's revised Scheduling Order, the deadline for expert disclosures was May 10, 2017, with May 31, 2017 as the supplementation deadline. (ECF No. 80.) On December 30, 2016, Klicos served a brief expert disclosure designating Scott Lowe, Professional Engineer ("P.E."), and Anthony ("Tony") Ardito, Certified Public Accountant ("CPA"), as expert witnesses. (Saffo Ex. 1, Pl. Expert Disclosure.) On March 1, 2017, Klicos served a report by its two expert witnesses.

---

[1] This factual summary reflects the facts laid out in this Court's Memorandum (ECF No. 122) regarding Klicos' Motion to Alter/Amend Judgment. The parties did not object to this summary at the motions hearing on May 24, 2018.
[2] The MTA has paid Saffo, but the briefs do not explain what the amount is or what work it compensates.

(Saffo Ex. 2, Klicos Expert Report, ECF No. 132-2.) In the report, the experts opined as to the amount of Saffo's alleged profits and the amount of 50% of those profits. (*Id.* at 12.) On March 31, 2017, Saffo's expert, Forensic Resolutions Inc. ("FRI") completed its report. On April 28, 2017, Klicos produced a rebuttal report in which the experts criticized the methodology and opinions of Saffo's expert. (Saffo Ex. 3, Klicos Rebuttal Report., ECF No. 132-3.)

On June 8, 2017, Saffo deposed Klicos's expert witnesses.[3] At the conclusion of the deposition of Tony Ardito, the CPA, Klicos's counsel (Mr. Walter) questioned his own expert as follows:

> Q. Are you prepared to render an opinion regarding the value of the work performed by Klicos on this job?
> A. I have basically looked at the amount of -- the items in the schedule of values totaled about 5.7 million, representing -- called cleaning and painting. So that's -- from a schedule of values standpoint, a piece of that represents Klicos's value of work. I did not calculate their exact portion, but that's the starting point. 5.7 million is the value of work delivered.
> Q. Okay. And you indicated that -- in your testimony a few moments ago, that 75 percent or thereabouts of the painting work was completed by Klicos, correct?
> A. That's correct.

(Saffo Ex. 4, Ardito Dep. at 78, ECF No. 132-3.) Upon further questioning by Saffo's counsel, Mr. Ardito then testified as follows:

> Q. You would agree with me that the opinions that you just expressed in response to Mr. Walter's questions about the value of Klicos's services are not stated in the report that's marked as Exhibit-2, correct?
> A. Correct.

(*Id.* at 80.)

---

[3] Approximately six weeks earlier, on April 21, 2017, Saffo moved for summary judgment. (ECF No. 76.) In its motion, Saffo argued that it was entitled to summary judgment on Klicos's claims for unjust enrichment and *quantum meruit* because, among other reasons, Klicos had not designated an expert witness regarding the value of its services. (ECF No. 76 at 26.)

3

Mr. Lowe, the engineer, testified: "My understanding of my scope was to determine the profit and then the split of that profit on the basis of my understanding of their agreement." (Saffo Ex. 5, Lowe Dep. at 98, ECF No. 132-5.) He went on to testify as follows.

> Q. And you didn't express any opinions in this report regarding the reasonable value of Klicos's services performed on the project, apart from any entitlement to a 50/50 split?
> A. I think we did consider that for sure.
> Q. So, in other words, assuming there was no agreement to a 50/50 split, what Klicos would be entitled to in terms of reasonable payment for its work on the project, that's not an opinion that you rendered in this report, is it?
> A. Well, to some extent it is. I mean, I would say it this way. I would say yes, in the sense that they would be entitled to reimbursement for the value of their work. So the agreement between the parties was cost and a split of profits. The value of the work, you just wouldn't split the profits. Klicos would be entitled to [the] value of the work and a hundred percent of the profit on that work.

(*Id.* at 128.) Mr. Lowe stated that he had no opinion as to what would be a "reasonable" profit. (*Id.* at 131-32.)

III. **Summary Judgment**

On April 21, 2017, Saffo moved for summary judgment. (ECF No. 76.) Klicos moved for partial summary judgment on June 30, 2017. (ECF No. 98.) On September 6, 2017, Judge Motz of this Court granted in part and denied in part Saffo's motion for summary judgment and granted in part and denied in part Klicos' motion for partial summary judgment. (ECF Nos. 105, 106.) Judge Motz also noted the recovery for the parties' unjust enrichment claims would be "measured by 'the actual value realized by the defendant,' and not the market value of the plaintiff's services rendered." (ECF No. 105 at 9 (citing *Dolan* v. *McQuaide,* 215 Md. App. 24, 37-38 (Md. Ct. Spec. App. 2013)).) More

4

specifically, "the operative question will be whether the actual value realized by Saffo for Klicos's work is more or less than $2,738,600.73." (ECF No. 105 at 10.) Judge Motz also stated that Klicos' "expert report outlining Saffo's profits can be used, in conjunction with other witness testimony, to infer the value provided to Saffo by Klicos' work." (*Id.*)

On February 23, 2018, this case was reassigned from Judge Motz to the undersigned. On April 13, 2018, this Court clarified Judge Motz' prior summary judgment ruling. (ECF Nos. 122-23.) Specifically, this Court held that the prior entry of summary judgment in Saffo's favor on Klicos' breach of contract claim was limited to the non-existence of a contract on November 21, 2013. This decision enabled Klicos to press a breach of contract claim at trial only if Saffo elected to pursue its own breach of contract claim at trial. On April 27, 2018, however, Saffo informed this Court that it would not pursue a breach of contract claim at trial. (ECF No. 129.) The claims now pending, which shall proceed to the June bench trial, are:

(1) Klicos' claim against Saffo for unjust enrichment,

(2) Saffo's counter-claim for unjust enrichment, and

(3) Saffo's counter-claim for intentional misrepresentation, including punitive damages.

On May 9, 2018, Saffo filed the pending Motion *in Limine* to Exclude Plaintiff's Expert Witnesses. (ECF No. 132.) On May 24, 2018, this Court conducted a hearing during which the parties offered oral arguments on the pending motion *in limine*. The bench trial in this case is scheduled to begin on June 18, 2018, with the Pretrial Conference scheduled for June 11, 2018 at 4:00 p.m. (ECF No. 131.)

## STANDARD OF REVIEW

I.  **Expert Disclosure Obligations**

Under Rule 26(a)(2), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." For witnesses who will provide expert testimony, the disclosure must include a written report containing:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

Under Rule 26(e), a party "must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e). In terms of required expert reports, "the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition." *Id*.[4] Supplementation under Rule 26 "means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *EEOC v. Freeman*, 961 F. Supp. 2d 783, 797 (D. Md. 2013). Supplementations should not be produced to

---

[4] "Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e).

6

"address the criticisms . . . raised in [the opponent's] memorandum in support of summary judgment." *Id.* (quoting *Gallagher v. S. Source Packaging, LLC,* 568 F. Supp. 2d 624, 629 (E.D.N.C. 2008).)

When expert disclosure obligations are set forth in a "court approved discovery plan, the Court should first look to Rule 16(f) for determining both compliance and sanctions, as opposed to Rule 37(c)." *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 309 (M.D.N.C. 2002). Rule 16(f) states that "the court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). The primary question "is not whether the [movants] have been prejudiced, but whether [the party violating the order] has shown good cause for its failure to timely disclose." *Akeva*, 212 F.R.D. at 309; *accord. Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.,* No. 1 03CV537, 2005 U.S. Dist. LEXIS 46201, at *8 (M.D.N.C. July 5, 2005); *see also Trilogy Commc'ns, Inc. v. Times Fiber Commc'ns, Inc.,* 109 F.3d 739, 745 (Fed. Cir. 1997).[5] "Under Rule 16(f), the Court may impose the full range of sanctions, including precluding the expert's testimony." *Akeva*, 212 F.R.D. at 309 (citing *Boardman v. Nat'l Medical Enterprises,* 106 F.3d 840, 843 (8th Cir. 1997); *Lory v. Gen. Elec. Co.,* 179 F.R.D. 86 (N.D.N.Y. 1998)).[6]

---

[5] Under Rule 37(c), "[d]istrict courts are accorded 'broad discretion' in determining whether a party's nondisclosure or untimely disclosure of evidence is substantially justified or harmless." *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017). In making this determination, district courts are guided by the following factors:
> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

[6] Similar to the *Southern States* factors, prejudice to the opposing party is among the factors discussed in *Akeva*, 212 F.R.D. at 311, for determining what if any sanctions are appropriate.

II. **Expert Opinions at Trial**

Rules 702 through 704 of the Federal Rules of Evidence govern the admissibility of expert opinions at trial. Rule 702 states that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Additionally, pursuant to Rule 703:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.

Fed. R. Evid. 703.

While Rule 704(a) provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact," the Fourth Circuit has established that expert testimony "that merely states a legal conclusion" may be properly excluded under Rule 702. *United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002).[7] "The best way to determine whether opinion testimony contains legal conclusions, 'is to determine whether the terms used by the witness have a separate, distinct and specialized meaning in the law different from that present in the vernacular.'" *Id.* (quoting *Torres v. County of Oakland,* 758 F.2d 147, 151 (6th Cir. 1985)).

---

[7] The Fourth Circuit has recognized that in cases involving specialized industries, such as insurance, "opinion testimony that arguably states a legal conclusion is helpful to the jury, and thus, admissible." *Barile*, 286 F.3d at 760 n.7 (quoting Weinstein's Federal Evidence § 704.04[2][a] (2d ed. 2001)). The parties in this case, however, have not argued that this case qualifies for such an exception.

8

# DISCUSSION

Saffo asserts that Klicos' experts should be precluded from offering opinions on the following three subjects.

(1) the net profit that Saffo allegedly realized on the project ("Opinion 1");

(2) the value of 50% of Saffo's profits ("Opinion 2"); and

(3) "that the value of Klicos's work [on] the project equated to 100% of the profits realized by Saffo from Klicos's work" ("Opinion 3").

(Saffo Mot. 1, ECF No. 132.) According to Saffo, Opinions 1 and 2 have been rendered irrelevant by this Court's prior rulings. Saffo also contends that Opinion 3 should be excluded as untimely, unfounded, and "contradictory to the legal standard for the measure of damages in this case." (*Id.*)

I. **Opinions 1 and 2**

Saffo argues that Opinions 1 and 2 are irrelevant based upon this Court's summary judgment ruling on Klicos' breach of contract claims. Specifically, this Court ruled that Klicos failed to prove the existence of a contract by November 21, 2013 – which would have enabled a claim to 50% of the profits from the project. According to Saffo, the issue of calculating profits has no relevance to the assessment by this Court, as the factfinder in this case, of "the actual value realized by Saffo for Klicos's work." (ECF No. 105 at 10.) Saffo asserts that the cost to Klicos of "the labor and materials provided" constitutes the "actual value realized by Saffo." (ECF No. 132 at 7-8 (citing *Afcon, Inc. v. Bell BCI Co.*, 64 F. App'x 893, 894 (4th Cir. 2003); *KLE Constr., LLC v. Twalker Dev., LLC*, 887 N.W.2d 536 (N.D. 2016)).) Alternatively, Saffo argues that the Court could look to the "fair market value."

(ECF No. 132 at 6-7 (citing *Dolan v. McQuaide*, 215 Md. App. 24, 40, 79 A.3d 394, 403 (Md. Ct. Spec. App. 2013); *Brault Graham, LLC v. Law Offices of Peter G. Angelos, P.C.,* 211 Md. App. 638, 669, 66 A.3d 71, 89 (Md. Ct. Spec. App. 2013)).) Either way, Saffo contends that expert opinions on profits are irrelevant.

Klicos, on the other hand, argues that this Court should follow Judge Motz' earlier ruling that Klicos' "expert report outlining Saffo's profits can be used, in conjunction with other witness testimony, to infer the value provided to Saffo by Klicos' work." (ECF No. 105 at 10.) Klicos goes on to argue that because the "measure of recovery is the gain to the defendant, not the loss by the plaintiff," *Alternatives Unlimited, Inc. v. New Baltimore City Bd. of Sch. Comm'rs*, 155 Md. App. 415, 485, 843 A.2d 252, 293 (Md. Ct. Spec. App. 2004), the measure of damages in this case is the amount Saffo was paid by the MTA for Klicos' work. (Opp'n at 4, ECF No. 134.) Klicos emphasizes that the MTA payments are the appropriate measure because Klicos' services "were the effective catalyst for a quantifiable gain to the defendant." (*Id.* at 5 (quoting *Slick v. Reinecker*, 154 Md. App. 312, 337, 839 A.2d 784, 799 (Md. Ct. Spec. App. 2002)).) Klicos contends that Saffo itself quantified the gain when it negotiated the contract with the MTA.[8]

Saffo's attempt to distinguish Judge Motz' prior ruling on this issue is unavailing. While a contract to split profits evenly will not be at issue at trial, this Court, as the factfinder in this case, would find it helpful to have experts provide calculations as to Saffo's profits on this project. *See* Rule 702(a). As Judge Motz has explained, "the operative question will be whether the actual value realized by Saffo for Klicos's work is more or less than

---

[8] In its brief, Klicos argues that it is entitled to "disgorgement" of Saffo's profits (ECF No 134 at 6), but at the hearing Klicos clarified that the MTA payments sought by Klicos already include profits. While potentially relevant to the "actual value realized by Saffo," profits in themselves are not necessarily dispositive.

"$2,738,600.73," the amount of money Saffo has already paid to Klicos. (ECF No. 105 at 10.) Saffo's profits are relevant to measuring, though not necessarily dispositive of, the value realized by Saffo for Klicos' work.

In seeking to exclude the profit calculations, Saffo has offered two alternative measures for the "actual value realized by Saffo," but neither method is appropriate here. Saffo's insistence on using Klicos' costs ignores the Maryland Court of Special Appeals' holding in *Alternatives Unlimited* that unjust enrichment should be measured by "gain to the defendant, not the loss by the plaintiff." 155 Md. App. at 485, 843 A.2d at 293. Rather than addressing the ambit of that decision directly, Saffo cites cases applying Virginia and North Dakota law, which do not bear on this case. (*See* ECF No. 134 at 7.)

Saffo also advances fair market value as an alternative measure that, if dispositive, would render profits irrelevant. Even the cases relied upon by Saffo, however, hold that fair market value generally measures damages in cases of contracts implied-in-fact, not unjust enrichment. *See Dolan,* 215 Md. App. at 40, 79 A.3d at 403; *Brault Graham,* 211 Md. App. at 669, 66 A.3d at 89. While the court in *Dolan* held that market value may provide "evidence" of "actual value" in cases of unjust enrichment, 215 Md. App. at 40, 79 A.3d at 403, the same court held in *Slick* that market value is not a concern when "those services were the effective catalyst for a quantifiable gain," 154 Md. App. at 337, 839 A.2d at 799. The Court of Appeals' decisions in *Brault Graham* and *Dolan* do not undermine this holding in *Slick*.[9]

---

[9] The *Brault Graham* decision actually cites *Slick* for another proposition, 211 Md. App. at 668, 66 A.3d at 89, and the *Dolan* decision does not discuss – let alone reverse or narrow – the *Slick* decision, *see* 215 Md. App. 24, 79 A.3d 394. At best, fair market value is non-dispositive evidence of actual value, *Dolan*, 215 Md. App. at 40, 79 A.3d at 403, and that is insufficient to render Saffo's profits irrelevant.

In this case, the payments by MTA to Saffo constitute a "quantifiable gain" to Saffo, *Slick*, 154 Md. App. at 337, 839 A.2d at 799, and this Court's task at trial will be, in part, to attribute the MTA proceeds to the parties' respective efforts. Saffo has failed to establish that the experts' profit calculations will be irrelevant to identifying the appropriate breakdown. For example, the profit calculations may help the Court identify areas where Saffo's own investments, rather than Klicos' work, helped to generate certain MTA payments. It would therefore be premature at this stage to exclude Opinions 1 and 2. This Court recognizes that it may be necessary to revisit this issue during trial. Accordingly, Saffo's request to exclude Opinions 1 and 2 as irrelevant is DENIED WITHOUT PREJUDICE. Specifically, while this Court will permit the admission of these opinions at trial, Saffo may challenge the relevancy of those opinions.

II. **Opinion 3**

According to Saffo, Klicos' experts intend to testify that "the value of Klicos's work [on] the project equated to 100% of the profits realized by Saffo from Klicos's work." (ECF No. 132 at 1.) Saffo argues that this opinion should be excluded as untimely, unfounded, and "contradictory to the legal standard for the measure of damages in this case." (*Id.*) At the hearing, Klicos expressed concern over the exact characterization of this opinion, and this Court notes that Mr. Lowe actually testified in his deposition that "Klicos would be *entitled* to [the] value of the work and a hundred percent of the profit on that work." (ECF No. 132-5 at 128 (emphasis added).) Either formulation is problematic.

This Court expressed concern at the hearing that, even if disclosed in a timely fashion,[10] Opinion 3 essentially constitutes a legal conclusion that is properly reserved for the Court and that would not be helpful to the Court as the factfinder. *See Barile*, 286 F.3d at 760. Specifically, the experts might help this Court quantify the profits or understand the parties' contributions to certain project milestones, but an engineering or accounting expert cannot help this Court determine the appropriate legal standard for measuring an unjust enrichment claim.

In response to the Court's concerns, Klicos acknowledged at the hearing that it has no intention of using its experts to offer legal conclusions as to the applicable standard for recovery in this case. Klicos conceded that it is up to the Court – with the help of counsel – to tell the experts which standard to apply. At this stage, Saffo – not Klicos – has brought this potential opinion to the Court's attention, and this Court sees no reason to doubt Klicos' assurance that it will not offer this opinion at trial. Saffo's objection to Opinion 3 is therefore DENIED AS MOOT.

## CONCLUSION

For the reasons set forth above, the Motion *in Limine* (ECF No. 132) is DENIED WITHOUT PREJUDICE.

A separate order follows.

<u>May 30, 2018</u>　　　　　　　　　　　　_____/s/_____
Date　　　　　　　　　　　　　　　　　Richard D. Bennett
　　　　　　　　　　　　　　　　　　　United States District Judge

---

[10] Klicos has not resolved this Court's questions as to whether the experts included this opinion in their prior reports and as to why any failure to do so should be excused. Given Klicos' concession at the hearing, *see infra*, this Court need not dispose of Saffo's request on this ground.