IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYAND

KLICOS PAINTING COMPANY, INC.,       *
   *Plaintiff/Counter-Defendant*,

                                                            *

v.                                                       Case No. 1:15-cv-02505-RDB

                                                            *

SAFFO CONTRACTORS, INC.,
   *Defendant/Counter-Plaintiff.*           *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

After a seven-day bench trial, this Court entered Judgment in favor of the Defendant/Counter-Plaintiff, Saffo Contractors, Inc. ("Saffo") on its claim of intentional misrepresentation and on both parties' claims of unjust enrichment. In its Memorandum Opinion, which contains this Court's findings of facts and conclusions of law under Rule 52(a), this Court ruled that Saffo sustained actual damages of $200,000 due to Klicos' intentional misrepresentation (ECF No. 160 at 32), awarded punitive damages of $50,000 (*id.* at 33), and found that Klicos was unjustly enriched in the amount of $8,377.04 (*id.* at 39-40). In its Order and Judgment, this Court stated:

> Klicos intentionally misrepresented its intent to return to the 395 Project in 2015, which caused Saffo to incur $200,000 in actual damages. Punitive damages are warranted in the amount of $50,000.
>
> Klicos retains $8,377.04 in unjust enrichment based upon Saffo's overpayment for the actual value to Saffo of Klicos' work on the 395 Project. This amount incorporates a deduction for a refund of $200,000 fraudulently obtained by Klicos.
>
> Klicos SHALL PAY to Saffo a total of $58,377.04.

(ECF No. 161)

1

On July 17, 2018, Saffo moved to alter, amend, or correct the judgment under Rules 59(e)[1] and 60(a) of the Federal Rules of Civil Procedure. (ECF No. 162.)[2] Saffo specifically notes that the final Order and Judgment fails to include the $200,000 in actual damages in the total monetary judgment amount. (*Id.*)With the appropriate adjustment, the total monetary judgment in Saffo's favor should amount to $258,377.04. (*Id.*) Klicos responded on July 23, 2018 to state that it "takes no position on Saffo's Motion as this Court will amend, if necessary, its opinion to reflect the Court's intended ruling." (ECF No. 163.)

This Court finds under Rule 60(a) that Saffo's request to amend the Order and Judgment in this case is well-founded. Rule 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). This rule enables the Court "to perform mechanical adjustments to judgments, such as correcting transcription errors and miscalculations," and to correct a mistake that occurs "when there is an inconsistency between the text of an order or judgment and the district court's intent when it entered the order or judgment." *Sartin v. McNair Law Firm PA*, 756 F.3d 259, 265-66 (4th Cir. 2014) (internal quotation marks omitted).

It is undisputed that Saffo paid $200,000 to Klicos on February 13, 2015. (ECF No. 160 at 23.) The Court expressly found that "Klicos must return the $200,000 as actual damages for Saffo's intentional misrepresentation claim." (*Id.* at 39.) During closing arguments, the parties agreed that — if entitled to recover the $200,000 — Saffo may collect that amount under *either* its claim for intentional misrepresentation or its claim for unjust enrichment — but not *both*. (Tr. at 1201, 1232.) While this Court's Order and Judgment properly avoids *double* recovery by Saffo, the Order and Judgment inadvertently denies Saffo *single* recovery of the $200,000. Under its intentional

---

[1] Under Rule 59(e), the Court has discretion to alter or amend a judgment "to correct a clear error of law or prevent manifest injustice." *Southard v. Lester*, 260 F. App'x 611, 614 (4th Cir. 2008) (internal quotation marks omitted). The Court's Order and Judgment does not reflect an error of law, and relief from a "clerical mistake" is available under Rule 60(a). *See infra*. This Court's analysis will therefore focus on Rule 60(a).

[2] Saffo does not waive, and expressly preserves, all applicable arguments for appeal, including those relating to the proper amount of damages and all other issues and rulings by the Court.

2

misrepresentation claim, Saffo is entitled to $200,000 in actual damages and $50,000 in punitive damages. When combined with the $8,377.04 in restitution for unjust enrichment, an amount based on a $200,000 deduction to avoid double recovery by Saffo, the total monetary judgment in Saffo's favor is $258,377.04, rather than the "$58,377.04" indicated in the prior rulings (ECF Nos. 160-61). Correcting this clerical mistake will reflect the Court's original intent, as contemplated by Rule 60(a).

Accordingly, it is this 23rd day of July, 2018, hereby ORDERED and ADJUDGED that:

1. JUDGEMENT IS HEREBY ENTERED in favor of Saffo on its intentional misrepresentation claim and on the parties' competing claims of unjust enrichment.
    a. Klicos intentionally misrepresented its intent to return to the 395 Project in 2015, which caused Saffo to incur **$200,000** in actual damages. Punitive damages are warranted in the amount of **$50,000**.
    b. Klicos retains **$8,377.04** in unjust enrichment based upon Saffo's overpayment for the actual value to Saffo of Klicos' work on the 395 Project. This amount incorporates a deduction for a refund of $200,000 fraudulently obtained by Klicos.

2. Klicos SHALL PAY to Saffo a total of **$258,377.04**. JUDGMENT in that amount is ENTERED in favor of Saffo, the Counter-Plaintiff, against Klicos, as the Counter-Defendant.

3. Any and all prior rulings of this Court disposing of any claims against any parties are incorporated by reference therein, and this Order shall be deemed to be a Final Judgment within the meaning of Rule 58 of the Federal Rules of Civil Procedure.

4. The Clerk of this Court shall transmit copies of this Order and accompanying Memorandum Opinion to counsel for the parties.

_/s/ Richard D. Bennett_
Richard D. Bennett
United States District Judge